UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-330-H

OXFORD ROUND TABLE, INC.                                                                      PLAINTIFF

V.

SLOAN MAHONE                                                                                        DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff, Oxford Round Table, Inc. ("ORT") has filed a complaint asserting defamation and other state causes of action against Defendant, Sloan Mahone ("Mahone"). Mahone has moved to dismiss for lack of personal jurisdiction. Considering all the available evidence, the Court cannot find sufficient contacts to meet either the general or more specific requirements for personal jurisdiction in Kentucky courts.

I.

ORT is a Kentucky corporation which conducts educational conferences at various colleges within the University of Oxford in England. Mahone is an academic lecturer affiliated with the University of Oxford. She is a resident of the United Kingdom and in so far as the record reflects, never set foot in the state of Kentucky nor directly conducted any business here.

ORT's defamation and other state law causes of action arise from the following circumstances. The Chronicle of Higher Education (the "Chronicle") is an academic organization which conducts a number of activities, including publishing an academic journal and also maintaining a website. Beginning in December, 2006, Mahone posted five or six

entries on the Chronicle's website directly criticizing ORT's business operations, calling it a fraud and a misrepresentation. Also, during that time Mahone sent several e-mails to a Dr. Waller at the University of Oxford criticizing ORT's apparent misrepresentations about its relationship to the University of Oxford. Somewhat later Mahone sent an e-mail to at least one participant in an ORT seminar criticizing ORT's work and calling it a fraud. After these e-mails and Mahone's alleged campaign against it, ORT experienced a loss of revenue which it says is directly related to Mahone's campaign against it. To redress the damages, ORT filed this suit in the United States District Court for the Western District of Kentucky.

II.

Mahone argues that Plaintiff cannot establish sufficient minimum contacts between herself and the state of Kentucky in order for this Court to exercise personal jurisdiction.

In support of this intention, Mahone notes that she is a resident of England and that almost every activity complained of was initiated in England. Her letters to various persons at the University of Oxford were sent and received in England. She initiated another e-mail in England to a person in Illinois. Finally, she made direct internet postings on the Chronicle's website, all without intending to or actually purposefully availing herself of Kentucky's jurisdiction or laws. Thus, Mahone can legitimately argue that none of the activities which are the subject of ORT's lawsuit arose from conduct within the state of Kentucky. The lawsuit's only connection to the state of Kentucky is that one of its resident corporations may have received injury by virtue of internet activity initiated and primarily disseminated outside the state.

Reviewing the well-known three-part test in *Southern Mach. Co. v. Mohasco Indus., Inc.*,

2

401 F.2d 371, 381 (6th Cir. 1981), the Court finds that ORT has a difficult time making its case. Mahone did not "purposefully avail" itself of acting within Kentucky. Indeed, she acted entirely outside the state. Mahone did perhaps cause a consequence within the state by damaging ORT's business. But, it did so by acting indirectly. The cause of action does not appear to have arisen primarily from activity within the state. Only those Kentuckians accessing the Chronicle's website might claim to fit this category. All in all, it is difficult to say that Mahone's activities have a substantial connection to the state.

ORT analogizes the distribution of internet liable to the nationwide publication of a magazine containing liable. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984); *Calder v. Jones*, 465 U.S. 783 (1984). In those instances, the defendant in each case was the actual disseminator of the alleged liable. Each knew that their publication would reach residents of the jurisdiction state and would reach the plaintiffs in their home state. Here, Defendant merely used the internet and perhaps an internet forum to distribute an alleged liable. Our case is more similar to *Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F.Supp. 761 (W.D. Ky. 1997) and *Genlyte Thomas Group, LLC v. Lighting World, Inc.*, 2000 WL 33968890 (W.D.Ky.), than the two magazine cases.

In our case it is very difficult to say that Mahone purposefully availed herself the privilege of acting within the state. Certainly, none of her activities took place here. Although Mahone's activities certainly may have harmed a corporate resident of Kentucky, the activities themselves were directed toward others primarily rather than ORT. The troubling aspect of this case is that it raises the distinct possibility that Mahone cannot be sued anywhere within the United States because she has so little contract with any one state jurisdiction.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss based upon the absence of personal jurisdiction is SUSTAINED and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc:     Counsel of Record